UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE MARIE KENNEDY STEEN,

    Plaintiff,

v.                                              Civil Case No. 19-10410
                                              Honorable Linda V. Parker

STEVEY HAGERMAN,
OWN HOME, LLC, MYRAN BELL,
and FREDRICK COLEMAN

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS

On February 11, 2019, Plaintiff initiated this lawsuit against Defendants Stevey Hagerman, Own Home, LLC, Myran Bell, and Fredrick Coleman. It appears from Plaintiff's Complaint and the documents attached thereto that Plaintiff is challenging her eviction from the home she was renting in Detroit, Michigan, pursuant to an order from Michigan's 36th District Court. The Court is summarily dismissing Plaintiff's Complaint because the Court lacks subject matter jurisdiction over Plaintiff's apparent claims and because any appeal of the state court's ruling must be pursued in Michigan state court.

Generally, federal district courts may exercise jurisdiction only over matters in which a federal question is raised and/or there is diversity between the parties

(i.e. they are citizens of different States).  *See* 28 U.S.C. §§ 1331, 1332.  "[L]ack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile . . ." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (quotation marks and citation omitted); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982) ("The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties.")  Plaintiff's Complaint does not appear to assert a claim arising under the Constitution, laws or treaties of the United States.  Defendants appear to be citizens of Michigan, like Plaintiff.  Thus, diversity jurisdiction also is lacking.

Moreover, at any time, a district court may sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations therein "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372 (1974) and *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)).  Pursuant to the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16, 103 S. Ct. 1303, 1315 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44

S. Ct. 149, 150 (1923). This is true even in the face of allegations that "the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486, 103 S. Ct. at 1317; *see also Blanton v. United States*, 94 F.3d 227, 233-34 (6th Cir. 1996). Review of final determinations in state judicial proceedings can be obtained only through the state courts and, then, in the United States Supreme Court. 28 U.S.C. § 1257; *Feldman*, 460 U.S. at 476, 103 S. Ct. at 1311.

Plaintiff is challenging a state court order. Her claims are precisely the type the *Rooker-Feldman* doctrine precludes this Court from reviewing. Plaintiff's request for relief, including an appeal of the state court's order, must be pursued through the Michigan state courts.

Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Complaint is **SUMMARILY DISMISSED**;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff's application to proceed without prepaying fees or costs is **DENIED AS MOOT**.

s/Linda V. Parker  
LINDA V. PARKER  
UNITED STATES DISTRICT JUDGE

Dated: February 25, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 25, 2019, by electronic and/or U.S. First Class mail.

                                                      s/R. Loury
                                                      Case Manager